IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**OAK HILL HOMETOWN PHARMACY,**

    Petitioner,

                                        CASE NO. 2:19-716_____

v.

**UTTAM DHILLON, in his official
capacity as Acting Administrator; and
UNITED STATES DRUG
ENFORCEMENT
ADMINISTRATION,**

    Respondents.

**PETITION FOR INJUNCTION TO DISSOLVE
IMMEDIATE SUSPENSION ORDER**

      Pursuant to Federal Rule of Civil Procedure 65(a) and 21 U.S.C. §§ 824(d), 882, Oak Hill Hometown Pharmacy Inc. petitions this Court to dissolve the *ex parte* suspension of its DEA Registration by the United States Drug Enforcement Administration. This is not a challenge to the ongoing parallel DEA administrative proceeding, which will determine whether Oak Hill Hometown Pharmacy's DEA Registration should ultimately be revoked. Rather, this petition is limited to a review of the DEA's preliminary, *ex parte* determination that Oak Hill Hometown Pharmacy's business constitutes "an imminent danger to the public health or safety" because of "a substantial likelihood of an immediate threat that death, serious bodily harm, or abuse of a controlled substance will occur in absence of an immediate suspension." *See* 21 U.S.C. § 824(d).

      As explained in the attached Memorandum in Support (attached as Exhibit 1), this is the only forum in which Oak Hill Hometown Pharmacy can obtain review of the DEA's erroneous *ex parte* claim that the pharmacy's continued operation constitutes "an imminent danger to the public

health or safety." Of note, the Administrator erred in three primary respects, by: (1) reaching a preliminary finding to support the suspension that was factually false; (2) relying on insufficient bases for the suspension; and (3) not tailoring the suspension to fit the Administrator's allegations. By immediately suspending Oak Hill Hometown Pharmacy's DEA Registration without affording the pharmacy an opportunity to respond to its insufficient and false findings, the DEA has decimated the pharmacy's ability to serve its patients. In effect, the DEA has wrongfully put Oak Hill Hometown Pharmacy on a short path toward shutting down.

It is necessary to dissolve the DEA's unlawful immediate suspension because it is unlikely that the pharmacy will be able to survive as a business during the pendency of the administrative proceedings. To be abundantly clear, the DEA's parallel administrative proceeding is not being challenged here. That proceeding – which is governed by a different legal standard than the *ex parte* suspension — will determine whether Oak Hill's Registration is inconsistent with the public interest and thus whether its Registration is revocable pursuant to 21 U.S.C. §§ 823(f), 824(a)(4). Accordingly, dissolution of the DEA's *ex parte* suspension by this Court is necessary, proper, and vital to Oak Hill Hometown Pharmacy's ability to continue its business operations.

Oak Hill Hometown Pharmacy respectfully **requests a prompt hearing on this petition**.

Dated: October 2, 2019

Respectfully submitted,
Oak Hill Hometown Pharmacy Inc.,
By counsel:

 /s/ Isaac R. Forman
Isaac R. Forman (WVSB #11668)
Max C. Gottlieb (WVSB #13201)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
681-265-3802 *office*
304-982-8056 *fax*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

**OAK HILL HOMETOWN PHARMACY,**

    Petitioner,

CASE NO. 2:_19-716_____

v.

**UTTAM DHILLON, in his official capacity as Acting Administrator; and UNITED STATES DRUG ENFORCEMENT ADMINISTRATION,**

    Respondents.

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Petition for Injunction to Dissolve Immediate Suspension Order, together with all supporting exhibits, was served via electronic mail on this 2nd day of October, 2019, on the following counsel:

Alan G. McGonigal
Assistant U.S. Attorney
Southern District of West Virginia
alan.mcgonigal@usdoj.gov

Paul A. Dean
Katherine L. Steele
U.S. Department of Justice
Drug Enforcement Administration
Office of Chief Counsel
Diversion and Regulatory Litigation Division
Paul.A.Dean@usdoj.gov
Katherine.L.Steele@usdoj.gov

                                 /s/ Isaac R. Forman