IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

OAK HILL HOMETOWN PHARMACY

          Petitioner,

v.                                 CIVIL ACTION NO.  2:19-cv-00716

UTTAM DHILLON, et al.,

          Respondents.

MEMORANDUM OPINION AND ORDER

Pending before the court is Oak Hill Hometown Pharmacy's ("Plaintiff") Motion for Fees pursuant to 28 U.S.C. § 2412 and Federal Rule of Civil Procedure 54(d). [ECF No. 39]. For the reasons stated below, the Motion is **DENIED**.

"In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 602 (2001). Under this "American Rule," courts follow a "general practice of not awarding fees to a prevailing party absent explicit statutory authority," *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994), such as the Equal Access to Justice Act ("EAJA").

Under the EAJA, parties prevailing against the United States are entitled to attorneys' fees "unless the district court finds that the position of the United States was substantially justified." *Strong v. Comm'r of Soc. Sec. Admin.*, 461 F. App'x 299,

300 (4th Cir. 2012); 28 U.S.C. § 2412(d)(1)(A). The Government bears "the burden of proving that its litigation position was substantially justified." *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir.1991). "The Government need not prevail in an action for its position to have been substantially justified." *Meyer v. Colvin*, 754 F.3d 251, 255 (4th Cir. 2014). The Government's position is substantially justified so long as "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Strong*, 461 F. App'x at 300 (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). To determine whether the Government's position was substantially justified, the court "considers the totality of the circumstances." *Id.*

Here, the Government has met its burden in demonstrating that its suspension of Plaintiff's registration had a "reasonable basis in law and fact" and thus was "substantially justified." *See id.* Before issuing the Immediate Suspension Order ("ISO"), the DEA investigated Plaintiff and relied upon its expert, data, and evidence to make its decision. In doing so, the DEA found numerous "red flags" raising serious concerns about Plaintiff's dispensing of controlled substances that are susceptible to abuse, specifically a suspicious pattern of filling Subutex prescriptions. From at least December 2016 to March 2019, Plaintiff's pharmacists filled approximately 2,000 prescriptions for Subutex. The DEA has classified all buprenorphine products, including Subutex, as Schedule III controlled substances, demonstrating that it is a dangerous drug, subject to diversion and abuse. Subutex is approximately 20 to 30 times more potent than morphine as an analgesic. The DEA's expert opined that a

2

pharmacist should not fill a Subutex prescription unless the patient is pregnant or allergic to naloxone.

In addition, the DEA found other "red flags" in its investigation of Plaintiff:

1. Multiple prescriptions were written by prescribers outside of West Virginia
2. Approximately 96% of the prescriptions were paid for with cash.
3. The patients, who resided in southern West Virginia, traveled great distances to Western Pennsylvania to obtain the prescriptions.
4. Most of the patients traveled a significant distance to have the prescriptions filled at OHHP, and in doing so, eschewed pharmacies much closer to their homes.
5. Many of the prescriptions were not filled entirely at the first presentment. Instead, OHHP routinely filled the prescriptions piecemeal over multiple visits.
6. The Pennsylvania prescribers in question appeared to be "pattern prescribing.

DEA's expert told the Government that these "red flags" are indicative of drug abuse and diversion.

I disagreed with the DEA that their findings demonstrated an "imminent danger to public health and safety" and dissolved the ISO. Access to treatment is a vital part of fighting the opioid epidemic here in West Virginia. Subutex and Suboxone are lawful treatment drugs and are to be used by addicts in the treatment of opioid addiction. These drugs should be available by prescription and obtainable at any pharmacy. In revoking Plaintiff's registration, the DEA was incorrect and ignored the fundamental value of these medications.

However, "the Government need not prevail in an action for its position to have been substantially justified." *Meyer*, 754 F.3d at 255. I disagreed with the Government's position, but that does not mean the Government's position was

unreasonable. Based on the "totality of the circumstances," including its investigation and findings and the ongoing drug epidemic in West Virginia, "a reasonable person could think [the DEA's position] correct." *See Strong*, 461 F. App'x at 300; *Underwood*, 487 U.S. at 566 n.2 Notably, other district courts have found that Subutex is more subject to diversion and abuse, *see, e.g., United States v. Palin*, No. 1:14CR00023, 2016 WL 5941930, at *2 (W.D. Va. Apr. 7, 2016), and other states have taken steps to prohibit the prescribing and/or dispensing of Subutex except in those instances where the patient is pregnant or allergic to Suboxone (due to the presence of naloxone). *See* 201 Ky. Admin. Regs. 9270; Ohio Admin. Code 4731-33-03; 18 Va. Admin. Code § 85-21-150. Therefore, I **FIND** that the Government's issuance of the ISO and its litigation position in court were substantially justified.

Although its briefs discuss almost exclusively 28 U.S.C. § 2412(d), Plaintiff also argues it is entitled to attorneys' fees under 28 U.S.C. § 2412(b), which provides for fees "to the same extent that any other party would be liable under the common law." 28 U.S.C. § 2412(b). "In order to actually meet this common law standard, however, a party must demonstrate that 'the losing party has willfully disobeyed a court order or has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Breton L. Morgan, M.D., Inc. v. Azar*, No. CV 3:19-0406, 2020 WL 1977123, at *2 (S.D.W. Va. Apr. 24, 2020) (quoting *Sullivan v. Sullivan*, 958 F.2d 574, 577 n.8 (4th Cir. 1992)). Based on my reasoning above, I do not find that the Government acted "in bad faith, vexatiously, wantonly, or for oppressive reasons" or "disobeyed a court order." *See id.*

For the foregoing reasons, I **DENY** Plaintiff's Motion for Fees pursuant to 28 U.S.C. § 2412 and Federal Rule of Civil Procedure 54(d). [ECF No. 39]. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      April 30, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE